Filed 8/26/15  P. v. Roper CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>SHAUN MARSHALL ROPER,<br><br>    Defendant and Appellant. | B262137<br><br>(Los Angeles County<br>Super. Ct. No. GA091419) |

THE COURT:[*]

Defendant and appellant Shaun Marshall Roper (defendant) appeals from the amended judgment entered after his sentence was recalled pursuant to Penal Code section 1170.18.[1]  His appointed counsel filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), raising no issues.  After notifying defendant of his counsel's brief, defendant filed his own letter brief.  We have reviewed defendant's letter brief as well as the entire record, and finding no arguable issues, affirm the judgment.

---

[*]    BOREN, P.J., ASHMANN-GERST, J., CHAVEZ, J.

[1]    All further statutory references are to the Penal Code, unless otherwise indicated.

An amended felony complaint filed in December 2013 alleged that defendant committed the following four felonies: forging and possessing a counterfeit seal, in violation of section 472 (count 1); possession of methamphetamine in violation of Health and Safety Code section 11377, subdivision (a) (count 2); bringing alcohol into a jail facility, in violation of section 4573.5 (count 3); and receiving stolen property, in violation of section 496, subdivision (a). In addition, the complaint alleged that defendant had suffered six prior convictions for which he had served prison terms within the meaning of section 667.5, subdivision (b). The previous month, defendant had waived his right to counsel and was granted pro. per. status. After the amended complaint was filed, defendant entered an open plea of nolo contendere to each of the four counts and admitted the six prior prison terms, with the understanding that he would be placed on probation and required to complete a six-month residential treatment program, or sentenced to a maximum of 11 years if he failed to do so.

On July 22, 2014, after defendant failed to complete the treatment program, the trial court sentenced defendant to a total jail term of four years, comprised of the middle term of two years as to count 1, with the middle term of two years as to each other count, to run concurrently to the term imposed as to count 1, plus two consecutive prison-prior enhancements. The trial court selected two of the six admitted prison priors, one alleged in the amended information to have been entered in superior court case No. BA391382 with a conviction date of January 4, 2012, and the other alleged to have been entered in case No. BA393226.

No appeal was taken from the judgment and it became final 60 days after imposition of sentence. (See Cal. Rules of Court, rule 8.308.) In November 2014, after the passage of Proposition 47, defendant filed a petition for recall of his sentence and reduction of his convictions to misdemeanors under section 1170.18.[2] The trial court

_____

[2]     Subdivision (a) of section 1170.18 provides: "A person currently serving a sentence for a conviction, whether by trial or plea, of a felony or felonies who would have been guilty of a misdemeanor under the act that added this section ('this act') had this act been in effect at the time of the offense may petition for a recall of sentence

2

determined that counts 2 and 4 qualified under the statute for resentencing as misdemeanors, but as the offenses alleged in counts 1 and 3 were not enumerated in the statute, they did not qualify. The court thus recalled defendant's sentence and on December 18, 2014, resentenced him to four years in jail as follows: the middle term of two years as to count 1; a concurrent 90-day term as to count 2; a concurrent middle term of two years as to count 3; a concurrent 90-day term as to count 4; and two consecutive prison-prior enhancements. Defendant was given 481 days of custody credit, which included 241 actual days in custody and 240 days of conduct credit. Defendant filed a timely notice of appeal from the amended judgment.

Defendant does not challenge the trial court's findings under section 1170.18. He contends that one of the six prison priors which he admitted in December 2013 was not in fact true. There is no provision in section 1170.18 that would vacate the underlying conviction of a nonqualifying offense, his nolo contendere plea, or his admission to the truth of the prior-conviction allegations. Subdivision (n) of section 1170.18 provides: "Nothing in this and related sections is intended to diminish or abrogate the finality of judgments in any case not falling within the purview of this act." The trial court found that as defendant's convictions in counts 1 and 3 were for offenses not enumerated in the statute, they did not qualify for resentencing. Defendant does not contend that the court erred in that ruling. As the two prison-prior enhancements were added to the sentences for counts 1 and 3, those convictions remain final as of the time of the original judgment entered on July 22, 2014, and are no longer subject to challenge by direct appeal.

We have examined the entire record and are satisfied that defendant's appellate counsel has fully complied with his responsibilities and that no arguable issue exists. We conclude that defendant has, by virtue of counsel's compliance with the *Wende* procedure and our review of the record, received adequate and effective appellate review of the

---

before the trial court that entered the judgment of conviction in his or her case to request resentencing in accordance with Sections 11350, 11357, or 11377 of the Health and Safety Code, or Section 459.5, 473, 476a, 490.2, 496, or 666 of the Penal Code, as those sections have been amended or added by this act."

judgment entered against him in this case.  (*Smith v. Robbins* (2000) 528 U.S. 259, 278; *People v. Kelly* (2006) 40 Cal.4th 106, 123-124.)

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.